IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| GLENDA R. COURAM, | ) |
| | ) Civil Action No.: 3:17-cv-00217-MBS |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER AND OPINION** |
| | ) |
| SHIRLEY RIVERS and ALINE GOODWIN, | ) |
| *in their individual and official capacities*; and | ) |
| SOUTH CAROLINA DEPARTMENT OF | ) |
| MOTOR VEHICLES, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff Glenda R. Couram ("Plaintiff"), proceeding *pro se*, brought this action in the Court of Common Pleas for Richland County, South Carolina, on January 24, 2017, against Defendants Rivers, Goodwin, and the South Carolina Department of Motor Vehicles ("SCDMV") (together, "Defendants"). Plaintiff raises state law claims as well as asserting violations of her constitutional rights pursuant to 42 U.S.C. § 1981; 42 U.S.C. § 1982; 42 U.S.C. §§ 2000(e), *et seq.*; and Title VII of the Civil Rights Act of 1964 ("Title VII").[1] Plaintiff seeks compensatory and punitive damages, injunctive relief, special damages for lost wages, medical costs resulting from this action, costs and fees, and all other damages that the court sees fit.

On January 24, 2017, Defendants removed the matter to the United States District Court for the District of South Carolina pursuant to 28 U.S.C. §1441. Also on January 24, 2017, Defendants filed a motion to dismiss for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). By order filed January 25, 2017, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975),

---

[1] In her second cause of action, Plaintiff also references the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*

Plaintiff was advised of the dismissal procedures and the possible consequences if she failed to respond adequately. On February 3, 2017, Plaintiff filed a motion to remand and an amended complaint that excluded all federal causes of action. The same day, Plaintiff also filed a response in opposition to Defendants' motion to dismiss. On February 6, 2017, Defendants filed a response in opposition to Plaintiff's motion to remand as well as a motion to dismiss the amended complaint. A second *Roseboro* order was issued on February 7, 2017. Plaintiff filed a memorandum in opposition to Defendants' motion to dismiss the amended complaint on March 8, 2017, to which Defendants filed a reply on March 15, 2017.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this case was referred to United States Magistrate Judge Paige J. Gossett for pre-trial handling. On April 26, 2017, the Magistrate Judge issued a Report and Recommendation ("Report") in which she recommended that, in light of Plaintiff's amended complaint, the court decline to exercise supplemental jurisdiction over Plaintiff's state law claims and remand the matter pursuant to 28 U.S.C. § 1367. Defendants filed an objection to the Report and Recommendation on May 5, 2017. Plaintiff filed a reply to Defendants' objection on May 22, 2017.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this court. *Matthews v. Weber*, 423 U.S. 261, 270 (1976). This court is charged with making a *de novo* determination of any portions of the Report to which a specific objection is made. The court may accept, reject or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff has been an employee of the SCDMV for over twelve years. This action constitutes Plaintiff's fourth appearance in this court stemming from allegations arising during her employment with SCDMV. Plaintiff's initial federal lawsuit in 2010 alleged claims pursuant to the Age Discrimination in Employment Act, Title VII of the Civil Rights Act, the Equal Pay Act, and state law claims for conspiracy and intentional infliction of emotional distress. *See Couram v. SCDMV*, C/A No. 3:10-01-MBS ("*Couram I*"). The late Honorable Matthew J. Perry, Jr., Senior United States District Judge, granted summary judgment to the defendants in *Couram I* on the claims arising under federal law and dismissed Plaintiff's state law claims without prejudice pursuant to 28 U.S.C. §1367(c). Plaintiff appealed the decision to the United States Court of Appeals for the Fourth Circuit. The Fourth Circuit dismissed her appeal on August 30, 2011.

In 2011, Plaintiff filed a second complaint in state court re-alleging federal claims in addition to state law causes of action for emotional distress, civil conspiracy, and gross negligence. The case was removed to the United States District Court. *See Couram v. Davis*, C/A No. 3:11-3200-MBS ("*Couram II*"). Plaintiff amended her complaint to remove all federal causes of action. The court thereafter declined to exercise supplemental jurisdiction on the state law claims and remanded *Couram II* to state court. The state court granted the defendants' motion to dismiss the remaining claims in *Couram II*. Plaintiff then appealed to the South Carolina Court of Appeals, which affirmed the state court's decision. *Couram v. Davis*, Op. No. 2015-UP-65 (S.C. Ct. App. Feb. 4, 2015).

In 2015, Plaintiff filed a third complaint that combined the allegations raised in *Couram I* and *Couram II* with additional allegations stemming from the litigation of those cases. The

complaint named as the defendants SCDMV, several of its employees, various judges, SCDMV's attorneys, and the South Carolina Office of Disciplinary Counsel. *See Couram v. S.C. Dep't of Motor Vehicles*, C/A No. 3:15-4870-MBS ("*Couram III*"). On August 10, 2016, the court dismissed all claims asserted against the judicial defendants, the attorney defendants, and the South Carolina Office of Disciplinary Counsel defendants, and again remanded the state law claims. On August 15, 2016, the SCDMV defendants filed a motion to alter or amend pursuant to Fed. R. Civ. P. 59(e), arguing that the remanded claims against them should be dismissed as failing to assert a short and plain statement of Plaintiff's claims, as required by Fed. R. Civ. P. 8. The court agreed, and on February 9, 2017, the court dismissed all causes of action except Plaintiff's claim of gross negligence, which claim was remanded to state court. Plaintiff appealed the decision to the Fourth Circuit. The appeal is still pending.

In the current matter, Plaintiff is asserting claims against the SCDMV; Plaintiff's direct supervisor, Aline Goodwin; and Goodwin's supervisor, Shirley Rivers. Plaintiff denominates the causes of action in her amended complaint as follows: (1) hostile work environment and harassment in violation of South Carolina Human Affairs Commission ("SCHAC") and South Carolina Human Affairs Law ("SCHAL"), and the South Carolina Tort Claims Act ("SCTCA") (First Cause of Action); (2) retaliation in violation of SCHAC, SCTCA, and the common law (Second Cause of Action); (3) abuse of process (Third Cause of Action); (4) intentional infliction of emotional distress (Fourth Cause of Action); and (5) civil conspiracy under the SCTCA (Fifth Cause of Action).

## II. DISCUSSION

### A. Plaintiff's Motion to Remand

The party seeking removal has the burden of establishing the existence of federal jurisdiction. *Mulcahey v. Columbia Organic Chem. Co., Inc.,* 29 F.3d 1448, 151 (4th Cir. 1994). A plaintiff is the master of his complaint and can avoid removal to federal jurisdiction by exclusively relying on state law claims. *Caterpillar Inc. v. Williams*, 428 U.S. 386, 392 (1987). "Federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint without consideration of any potential defenses." *Harlesss v. CSX Hotels, Inc.*, 389 F.3d 444, 450 (4th Cir. 2004)(citing *Aetna Health, Inc. v. Davilla*, 524 U.S. 200, 207 (2004)). Under the removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant." 28 U.S.C. § 1441(a). Removal of a case under § 1441(a) should be construed strictly and if federal jurisdiction is doubtful, remand to state court is necessary. *See id.; Palisades Collections LLC v. Shorts*, 552 F.3d 327, 333-34 (4th Cir. 2008). Where district courts have original jurisdiction, the court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

Plaintiff argues that she did not evoke any federal causes of action or federal question in her original complaint. To the contrary, Plaintiff's original complaint references federal statutes having to do with employment discrimination. Therefore, removal of the original complaint was proper. Plaintiff also argues that remand is proper because she removed any reference to the

5

federal statutes in her amended complaint.[2] However, as the Magistrate Judge noted, many courts and scholars have concluded that a plaintiff cannot force remand by waiving her federal claims. The question becomes, then, whether, because the amended complaint asserts only state law claims, the court should decline to exercise jurisdiction in accordance with 28 U.S.C. § 1367(c)(3). Factors that inform this discretionary determination are "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (citing *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1998)).

The Magistrate Judge determined that, considering the early stage of this litigation and viewing the scope of the claims raised by Plaintiff in her amended complaint, remand would best promote the values of economy, convenience, fairness and comity. In their objections to the Report, Defendants urge the court to retain jurisdiction and dispose of Plaintiff's claims on the merits. Defendants note that Plaintiff has spent nearly a decade suing various employees of the SCDMV and that many of her claims are repetitious. Given Plaintiff's various pleadings and the duplicative nature of her complaints, the court shall exercise jurisdiction over Plaintiff's state law claims.

B.  **Defendants' Motion to Dismiss**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 570

---

[2] Plaintiff appears to have inadvertently left a reference to Title VII in a footnote. Defendants do not argue that this reference maintains a claim pursuant to Title VII, and this court does not construe Plaintiff's Amended Complaint as raising such a claim.

(2007)). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, a complaint that pleads facts merely consistent with the liability does not sufficiently show the claim as plausible on its face. *Id.* When analyzing a matter under Rule 12(b)(6), the court should first accept as true all of the allegations contained in a complaint. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Second, the court must determine, drawing on its judicial experience and common sense, if a claim "states a plausible claim for relief." *Id.* The plaintiff's claims must be alleged with enough specificity to nudge the plaintiff "across the line from conceivable to plausible." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 570).

1. <u>Claims under South Carolina Human Affairs Law</u>. Plaintiff alleges that she was subjected to a hostile work environment and harassment in violation of SCHAL.

Under S.C. Code Ann. § 1-13-90(a),

> Any person shall complain in writing under oath or affirmation to the Commission within one hundred eighty days after the alleged discriminatory practice occurred. The Commissioner, his employees or agents, shall assist complainants in reducing verbal complaints to writing and shall assist in setting forth such information as may be required by the Commission. The Commission shall serve a copy of the complaint upon the respondent within ten days after the complaint is received by the Commission, except that if the Commission determines for good cause that such service will impede its investigation of the complaint, it shall serve notice of the complaint, including the date, place, and circumstances of the alleged unlawful employment practice upon the respondent within ten days after the complaint is received by the Commission.

Complaints asserting a violation of SCHAL by a state agency or department, as in this case, must follow the procedures set forth in section 1-13-90(c). Under section 1-13-90(c), the Commissioner assigns one or more of his employees or agents to investigate the complaint.

Only the Commission has the authority to issue subpoenas or subpoenas duces tecum "and thereby compel attendance of witnesses or production for examination of books, papers, and records," take depositions of witnesses, and require parties or witnesses to answer interrogatories. *Id.* § 1-13-90(c)(4). Plaintiff cannot assert a private cause of action under SCHAL, as the Legislature has authorized only the Commission pursue claims of discrimination at the state level.

Furthermore, individual defendants are not liable under SCHAL. *See Smith v. City of Marion*, CA No. 4:11-cv-2039, 2012 WL 694314, at *4-5 (D.S.C. Jan. 27, 2012), *Report and Recommendation adopted*, 2012 WL 694275 (D.S.C. March 2, 2012). The court concludes that Plaintiff's First Cause of action fails to state a claim upon which relief can be granted.

2. <u>Retaliation in violation of SCHAC, the South Carolina Tort Claims Act and Common Law</u>. Plaintiff alleges that Defendants retaliated against her by refusing to promote her, ruining her good employment history, and failing to give her a second computer monitor. As noted hereinabove, Plaintiff has no private right of action under the South Carolina Human Affairs laws. As to the common law, retaliation does not constitute a tort except for claims of retaliatory discharge in violation of public policy.[3] Because retaliation is not a recognized tort, Plaintiff's claim also is not cognizable under the South Carolina Tort Claims Act. Plaintiff's Second Cause of Action fails to state a claim for retaliation.

3. <u>Abuse of Process</u>. Plaintiff alleges that Defendants have abused the judicial

---

[3] Under the public policy exception, an employee who is terminated in violation of a clear public policy may pursue a cause of action in tort for wrongful termination. *Taghivand v. Rite Aid Corp.*, 768 S.E.2d 385, 387 (S.C. 2015) (citing *Ludwick v. This Minute of Carolina, Inc.*, 337 S.E.2d 213, 216 (1985)). Courts have invoked the public policy exception in two instances: (1) where an employer requires an employee, as a condition of continued employment, to break the law, and (2) where an employer's termination is itself illegal. *Id.* (citing cases).

process by keeping her from being fully heard in the courts and not allowing her to present or plead her case. The tort of abuse of process "is intended to compensate a party for harm resulting from another party's misuse of the legal system." *Pallares v. Seinar*, 756 S.E.2d 128, 133 (S.C. 2014). The essential elements of an abuse of process claim "are (1) an ulterior purpose and (2) a willful act in the use of process that is not proper in the regular conduct of the proceeding." *Id.* at 133. An ulterior purpose exists "if the process is used to secure an objective that is 'not legitimate in the use of process.'" *Id.* (quoting *D.R. Horton, Inc. v. Wescott Land Co.*, 730 S.E.2d 340, 352 (S.C. Ct. App. 2012)). Allegations that a "party had a 'bad motive' or an 'ulterior purpose' in bringing the action, standing alone, is insufficient." *Id.*

Plaintiff alleges that Defendants' continued removal of her matters to federal court constitutes an abuse of process. However, Defendants properly removed Plaintiff's previous causes of action to federal court based on federal question jurisdiction. There is no support in the record for a finding that Defendants' actions were unauthorized or aimed at an illegitimate collateral objective. The court concludes that Defendants' exercise of their rights under 28 U.S.C. § 1441 does not constitute abuse of process. Plaintiff's Third Cause of Action fails to state a claim upon which relief can be granted.

4. <u>Intentional Infliction of Emotional Distress</u>. Plaintiff next alleges that the Defendants intentionally caused her "extreme humiliation, embarrassment, depression, sleeplessness, emotional pain and severe emotional distress." ECF No. 14 at 13. "The tort of intentional infliction of emotional distress arises when one by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another." *Upchurch v. New York Times Co.*, 431 S.E.2d 558, 561 (S.C. 1993). To recover for the intentional infliction of emotional distress,

> a plaintiff must establish that (1) the defendant intentionally or recklessly inflicted severe emotional distress, or was certain or substantially certain that such distress would result from this conduct; (2) the conduct was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community; (3) the actions of the defendant caused the plaintiff's emotional distress; and (4) the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

*Id.*

Plaintiff contends that Defendants' conduct in removing her actions to federal court, retaliating against her, refusing to provide her with a second monitor, refusing to promote or train her caused her to suffer chronic anxiety that exacerbates a back injury she received during an accident in 2015. In order to prevent claims for intentional infliction of emotional distress from becoming a panacea for wounded feelings rather than reprehensible conduct, the court plays a significant gatekeeping role. *Hansson v. Scalise Builders of S.C.*, 650 S.E.2d 68, 72 (S.C. 2007). It is for the court to determine whether on the evidence severe emotional distress can be found; it is for the jury to determine whether, on the evidence, it has in fact existed. *Id.*

The court concludes that the evidence does not support a claim of severe emotional distress. Even assuming Plaintiff suffers from emotional distress so severe no reasonable person could be expected to endure it, Defendants' conduct does not rise to the level of atrocious and utterly intolerable. Plaintiff's Fourth Cause of Action fails to state a claim upon which relief can be granted.

5. <u>Civil Conspiracy</u>. Plaintiff alleges that Defendants entered into an agreement or understanding with others in an attempt to interfere with Plaintiff's employment. In order for a civil conspiracy to exist, there must be "a combination of two or more person joining for the purpose of injuring and causing special damage to the plaintiff." *McMillian v. Oconee Memorial*

10

*Hosp., Inc.*, 626 S.E.2d 884, 886 (S.C. 2006).  The conspiracy becomes actionable once overt acts occur that proximately cause damage to the plaintiff.  *Hackworth v. Greywood at Hammett, LLC*, 682 S.E.2d 871, 874-75 (S.C. Ct. App. 2009) (citing *Todd v. S.C. Farm Bur. Mut. Ins. Co.*, 278 S.E.2d 607, 611 (S.C. 1981)).   In a civil conspiracy claim, one must plead additional acts in furtherance of the conspiracy separate and independent from other wrongful acts alleged in the complaint, and the failure to properly plead such acts will merit the dismissal of the claim. *Id.* (citing *Todd*, 278 S.E.2d at 611).  Special damages are those elements of damages that are the natural, but not the necessary or usual, consequence of the defendant's conduct.  *Id.* (citing *Loeb v. Mann*, 18 S.E. 1, 2 (1893)).

Plaintiff's claim for civil conspiracy claim fails because she merely reiterates the allegations of her complaint.  Moreover, Plaintiff does not allege special damages, but contends she "suffered loss of pay, medical bills, and forced to take LWOP [leave without pay]."  ECF No. 14, 14.  Plaintiff's Fifth Cause of action also fails to state a claim upon which relief can be granted.

### III.  CONCLUSION

After reviewing the entire record, the applicable law, the findings of the Magistrate Judge, and Defendants' objections, and for the reasons stated herein, the court declines to adopt the Magistrate Judge's recommendation that the court decline to exercise jurisdiction over the amended complaint.  Plaintiff's motion to remand (ECF No. 10) is **DENIED**.[4]  Defendant's motions to dismiss (ECF Nos. 5, 16) is **GRANTED** as to Plaintiff's state law claims.  Plaintiff's

---

[4]Plaintiff included in her motion to remand a request that the Magistrate Judge be recused from this matter.  Plaintiff's motion to recuse also is denied.

amended complaint i**s DISMISSED WITH PREJUDICE**.

    **IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Court Judge

Columbia, South Carolina

August 30, 2017